IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-19-KS

| | | |
|---|---|---|
| DEBORAH C. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff Deborah Walker filed this action pursuant to 42 U.S.C. §§ 405(g) seeking judicial review of the denial of her application for disability insurance benefits. The time for filing responsive briefs has expired, and the pending motions are ripe for adjudication. On September 23, 2015, the court held oral argument in the matter. The court has carefully reviewed the administrative record and the motions and memoranda submitted by the parties and considered the arguments of counsel. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is denied and Defendant's Motion for Judgment on the Pleadings is granted.

## STATEMENT OF THE CASE

Plaintiff protectively filed an application for disability insurance benefits on June 19, 2012 (Tr. 91) and, on July 31, 2014, amended her application to allege a disability onset date of October 24, 2012 (Tr. 191). The application was denied initially and upon reconsideration (Tr. 11), and a request for hearing was filed on February 11, 2013 (Tr. 11). On July 31, 2014, a hearing was held

before Administrative Law Judge Christopher Willis ("ALJ"), who issued an unfavorable ruling on August 29, 2014. (Tr. 11-27.) Plaintiff's request for review by the Appeals Council was denied December 5, 2014, making the ALJ's decision the final decision of the Commissioner. (Tr. 1.) Plaintiff now seeks judicial review of the final administrative decision.

## DISCUSSION

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks and citation omitted) (alteration in original). "'In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner].'" *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (internal quotation marks omitted) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the

2

requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of the Soc. Sec. Admin.*, 174 F.3d 473, 74 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id*.

Plaintiff raises two issues on appeal. First, Plaintiff contends that the ALJ failed to give due consideration to her panic attacks and depression in assessing Plaintiff's residual functional capacity. (Pl.'s Mem. Supp. Mot. J. Pleadings [DE #16] at 9-12.) Second, Plaintiff argues that her right-arm impairment caused greater functional limitations than found by the ALJ. (*Id*. at 12-14.) The court rejects Plaintiff's arguments.

Although Plaintiff has severe physical and mental impairments, the record in this case supports the ALJ's findings that these impairments are not disabling. Noticeably absent are any medical opinions suggesting that Plaintiff's panic attacks and depression or right-arm impairment limited her functional abilities to such a degree that she was precluded from working during the relevant period of October 24, 2012 through December 31, 2013. With regard to Plaintiff's right-arm impairment, the medical evidence indicates that Plaintiff sought no treatment after May 2012. Plaintiff asserts that her failure to obtain further treatment was due to financial reasons; however, Plaintiff continued to seek medical care for other reasons during the relevant period. Moreover, the ALJ did not err in according little weight to Dr. Gelfand's opinion that Plaintiff's right-arm injury moderately impaired her ability to lift, carry, travel and handle objects, as well as her

3

stamina. As noted by the ALJ, this opinion was based upon a physical examination performed in August 2012 (two months prior to Plaintiff's alleged onset date) and does not reflect the subsequent recovery period. As to Plaintiff's mental impairments, the record indicates (and the ALJ found) that Plaintiff continued to experience panic attacks and bouts of depression throughout the relevant period. However, the evidence of record does not demonstrate that these impairments precluded Plaintiff from working. In a December 2012 visit with her treating physician, Plaintiff indicated she did not want to see a psychiatrist anymore and declined counseling and therapy. She reported she was "generally doing well," with some depressive symptoms resulting from "life stressors," which tended to be worse around the holidays. Her physician's assessment was that Plaintiff's anxiety and depression were "stable on [medications]." (Tr. 380.) The following year, in November 2013, Plaintiff reported that her medications were effective and that she was experiencing no problems. (Tr. 433.)

The ALJ considered the functional limitations caused by Plaintiff's physical and mental impairments. In assessing Plaintiff's residual functional capacity, the ALJ accounted for Plaintiff's right-arm impairment by restricting her to work that did not involve constant pushing/pulling, operating hand controls, handling or fingering with the right upper extremity. (Tr. 17.) The ALJ further accounted for Plaintiff's anxiety and mood disorder with depression by limiting her to simple, routine, repetitive tasks that require her to be on task for no more than two hours at a time "in a low stress work setting . . . primarily dealing with things, as opposed to people, with no more than occasional changes in the work setting." (Tr. 17.) Substantial evidence supports the ALJ's findings in this regard.

## CONCLUSION

The court finds that the Commissioner's decision in this case is supported by substantial evidence in the record and was reached upon application of the correct legal standards. The court, therefore, DENIES Plaintiff's Motion for Judgment on the Pleadings [DE #15], GRANTS Defendant's Motion for Judgment on the Pleadings [DE #17] and AFFIRMS the Commissioner's decision.

This 22nd day of February 2016.

KIMBERLY A. SWANK
United States Magistrate Judge